IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:18-cv-03170-RM-STV

**JANE DOE**;

    Plaintiff;

v.

**SCHOOL DISTRICT NUMBER 1, DENVER, COLORADO**, also known as Denver Public Schools ("DPS");

**TOM BOASBERG**, individually, and in his official capacity as superintendent of DPS;

**ANDY MENDELSBERG**, individually, and in his official capacity as a principal with DPS;

**JANN PETERSON**, individually, and in her official capacity as an assistant principal with DPS;

**JEANETTE SCULLEY**, individually, and in her official capacity as a dean with DPS;

**ERIC SINCLAIR**, individually, and in his official capacity as a dean with DPS;

**ANITA CURTISS**, individually, and in her official capacity as a school psychologist with DPS;

    Defendants.

---

### DEFENDANT MENDELSBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

    Defendant Andy Mendelsberg, through undersigned counsel, submits this Reply in support of his Motion to Dismiss (Doc. 40, filed Apr. 22, 2019.)

## INTRODUCTION

Plaintiff alleges only three events involving Mr. Mendelsberg: (1) his alleged receipt of the Safe2Tell report on January 19, 2017, (2) the meeting he briefly entered the following day, and (3) his meeting with Plaintiffs' parents on May 4, 2017. These allegations, separately or collectively, and accepted as true, do not meet the demanding threshold to state a claim for deliberate indifference. As a result, Mr. Mendelsberg is entitled to qualified immunity on all claims and his Motion to Dismiss should be granted.

In her Response (Doc. 41), Plaintiff concedes that her third claim should be dismissed yet argues that it would be "inappropriate" to resolve qualified immunity at the dismissal stage—despite Supreme Court and Tenth Circuit precedent stating the opposite. Plaintiff makes the untenable assertion that, despite allegations acknowledging the myriad actions taken by Mr. Mendelsberg and others at East High School in response to Plaintiff's allegations of harassment, including meeting with her and her parents on several occasions, implementing two safety plans, and providing counseling services for over a year, staff took "no response at all." (Doc. 41, at 3-8.) Plaintiff also argues, based on inapposite case law, that she does not need to allege future harm to recover equitable relief and attempts in vain to side-step her own contradictory allegations in support of that relief. These arguments should be rejected, and Mr. Mendelsberg's Motion should be granted.

**I.    Qualified immunity should be determined now.**

Plaintiff asserts in her Response that qualified immunity is a fact issue "inappropriate" to resolve at the dismissal stage. (Doc. 41, at 2.) That assertion contradicts well-established precedent that qualified immunity should be resolved "at the earliest possible stage of litigation,"

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991), and is "frequently asserted in a motion to dismiss under Rule 12(b)(6)." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). In fact, the central purpose of qualified immunity is to ensure public officials avoid needless discovery and distractions from their public duties in cases, as here, where plaintiffs do not plausibly allege a violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1998). The Court should resolve Mr. Mendelsberg's well-founded claim of qualified immunity now, not later.

**II.   Plaintiff has failed to plausibly allege deliberate indifference.**

In his Motion, Mr. Mendelsberg explained that the allegations, taken as true, do not show that he acted, or failed to supervise his staff, in a deliberately indifferent manner. (Doc. 40, at 8-12.) In her Response, Plaintiff argues that Mr. Mendelsberg and his staff took "no response at all" to Plaintiff's allegations of harassment and bullying. (Doc. 41, at 3-8.) This argument belies Plaintiffs' own allegations that:

- School staff met with Plaintiff and her parents the day she reported the assault, asked the parents whether they wanted to press charges, which they declined, and offered to help her fill out a police report (Doc. 32, ¶¶16-17);

- School staff encouraged Plaintiff and her alleged assailant, Student 1, not to contact each other (*id.* ¶¶ 15-19, 46);

- School staff counseled Plaintiff several times concerning peer conflict and alleged bullying and harassment related to the alleged assault. (*id.* ¶¶ 16-17, 27-30, 35, 37, 40, 41, 44, 46, 57-60, 63-64, 69-72, 77, 79, 81-83, 86-87);

- Mr. Mendelsberg and school staff met with Plaintiff and her parents the day after she filed an anonymous Safe2Tell report, with Mr. Mendelsberg showing concern for Plaintiff and asking whether she was okay (*id.* ¶¶ 57-60);

- School staff created two safety plans for Plaintiff (*id.* ¶¶ 40, 77); and

- Mr. Mendelsberg met with Plaintiff's parents for two hours, and over a year after

3

she first reported the assault to a school counselor, during which the parents told Mr. Mendelsberg that Plaintiff had allegedly been assaulted and Mr. Mendelsberg agreed to their request that Plaintiff be allowed to finish her academic semester at home, where she maintained straight A's (*id.* ¶¶ 86-89.)

Plaintiff's argument also imputes the conduct of other staff to Mr. Mendelsberg, suggesting that the alleged failure of one is the failure of all. (Doc. 41, 3-8.) Even if Plaintiff had plausibly alleged—which she has not—that another staff member had acted unreasonably, Mr. Mendelsberg is not vicariously liable for the conduct of other staff. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Mr. Mendelsberg can only be held liable for his own conduct, *id.*, and the conduct he is alleged to have committed does not state a claim for deliberate indifference under Section 1983.

Plaintiff suggests in her Response that Mr. Mendelsberg was deliberately indifferent because he did not go as far as administrators in other cases to address harassment allegations. (Doc. 41, at 7-8 (citing *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1123 (10th Cir. 2008); *Yap v. Oceanside Union Free Sch. Dist.*, 303 F. Supp. 2d 284, 294 (E.D.N.Y. 2004); and *Deweese v. Bowling Green Indep. Sch. Dist.*, 709 F. App'x 775 (6th Cir. 2017). While these cases may illustrate actions that do not amount to deliberate indifference, they do not set a floor for how administrators must react to claims of harassment. The deliberate-indifference analysis is grounded in the context of each case and asks only whether officials "consciously acquiesced" to conduct and "intended discrimination to occur." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999); *Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999). Here, the alleged facts, accepted as true, fail to state a claim that Mr. Mendelsberg consciously acquiesced to claims of harassment, let alone that he intended discrimination to occur. (Doc. 40, at 8-12.)

Plaintiff suggests that this case is like *Murrell*, where the Tenth Circuit determined that a plaintiff had sufficiently alleged deliberate indifference. (Doc. 41, at 4-5.) In *Murrell*, a student with severe cognitive and physical disabilities, whom school officials knew had been sexually assaulted at her prior school and whose parent warned the officials could be at heightened risk of abuse given her disabilities, alleged she was sexually assaulted by another student, also with disabilities and an acute history of engaging in sexually inappropriate conduct, while she was at the school under the care of school staff, that staff knew that the plaintiff was being assaulted and tried to cover it up, and that during a meeting about the alleged assault the school principal was "hostile" towards the plaintiff and her parent and suggested the assault had been consensual. *Murrell*, 186 F.3d at 1243-44.

That is a far cry from the allegations here, where there is no allegation that Plaintiff was at heightened risk of assault, that she was assaulted on campus during school hours, that her teachers knew of the assault and failed to prevent it and then tried to cover it up, or that Mr. Mendelsberg or other administrators were "hostile" towards Plaintiff. (*Compare id. with* Doc. 40, at 2-6.) Mr. Mendelsberg is alleged only to have (a) received an anonymous report with no link to Plaintiff, (b) asked her if she was okay during a meeting, and (c) met with Plaintiff's parents for two hours and agreed to their request to have Plaintiff finish her semester at home, where she earned straight A's. (Doc. 40, at 2-6.) That is not *Murrell*, and it is not deliberate indifference.

Plaintiff further argues that Mr. Mendelsberg acted with deliberate indifference because he and school staff allegedly did not conduct a Title IX investigation and did not report the alleged assault or harassment to local authorities. (Doc. 41, at 3.) There is no case law supporting this argument—nor has Plaintiff cited any—and, as noted in the Motion, courts addressing this

issue have reached the opposite conclusion: that an alleged failure to follow protocols or report an incident to authorities does not amount to deliberate indifference. (*See* Doc. 40, at 8, 11-12 (citing *Roe v. St. Louis Univ.*, 746 F.3d 874, 883 (8th Cir. 2014); *Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 388 (5th Cir. 2000); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291-92 (1998); and *Porro v. Barnes*, 624 F.3d 1322, 1328-29 (10th Cir. 2010).) Notably, Plaintiff does not even attempt to distinguish these authorities in her Response.

Equally important is what Plaintiff does not contest in her Response. Plaintiff does not contest that, while Mr. Mendelsberg may have received the Safe2Tell report, there is no allegation that he would have linked that report to Plaintiff. (Doc. 40, at 9-10). Plaintiff does not contest that, while Mr. Mendelsberg allegedly left the January 20, 2017 meeting after a few minutes, there is no allegation that Plaintiff suffered any harm from Mr. Mendelsberg leaving then or that Mr. Mendelsberg would have even known the purpose of the meeting. (Doc. 40, at 8-9.) Regarding the May 4, 2017 meeting, Plaintiff does not contest that Mr. Mendelsberg likely did not know of Plaintiff's alleged assault or harassment before that meeting, that the arrangement agreed upon at that meeting was reasonable under the circumstances, or that Plaintiff suffered any harm—educational or otherwise—following that meeting. (Doc. 40, at 9.) Plaintiff does not contest that she was able to maintain straight A's. (Doc. 40, at 9-10.) And Plaintiff does not contest that there is no alleged link between investigations into alleged district-wide conduct and any actions, or inactions, by Mr. Mendelsberg and staff at East High School or even Plaintiff's alleged injuries. (Doc. 40, at 12.)

For these reasons, and those stated more fully in the Motion, Plaintiff has not plausibly

alleged deliberate indifference and, thus, the Motion should be granted.[1]

### III.     Plaintiff has failed to plausibly allege facts supporting equitable relief.

In his Motion, Mr. Mendelsberg explained that Plaintiff lacks standing to recover equitable relief, as she has not alleged a future injury, and that she has not plausibly alleged a basis for equitable relief because her equitable claims are derivative of her Section 1983 claims, none of which are viable, and because her allegations supporting declaratory relief are contradictory. (Doc. 40, at 14-15.)

In her Response, Plaintiff does not contest that her equitable claims are derivative of her Section 1983 claims but asserts that she does not need to allege future harm to recover equitable relief. (Doc. 41, at 8.) In support, she cites a federal case from West Virginia where the court determined that the plaintiff had sufficiently alleged an Equal Protection claim and mentioned that the plaintiff "seeks injunctive relief." *Rex v. W. Va. Sch. of Osteopathic Med.*, 119 F. Supp. 3d 542, 553 (D. W. Va. 2015). In a footnote, the court concludes that the plaintiff could proceed on her equitable claim even though she had not alleged facts warranting a preliminary injunction. *Id.* n.8. The court did not, as Plaintiff suggests, conclude that a plaintiff can recover equitable claims without, as Plaintiff has done here, alleging future harm. That conclusion would contradict decades of case law in this circuit that courts lack jurisdiction over equitable claims where the plaintiff has not alleged future harm. (*See* Doc. 40, at 14 and case cited therein.)

Finally, Plaintiff attempts in vain to sidestep her own contradictory allegations. (Doc. 41,

---

[1] Plaintiff also argues that, contrary to what Mr. Mendelsberg asserts in footnote 7 of his Motion, that Mr. Mendelsberg is a "final policymaker" for purposes of correcting discriminatory measures. (Doc. 41, at 5.) This argument misses the mark, as footnote 7 pertains only to an argument to dismiss Claim 3, which Plaintiff concedes should be dismissed. (*Compare* Doc. 40, at 13 n.7, *with* Doc. 41, at 1-2.)

at 8.) In his Motion, Mr. Mendelsberg noted that Plaintiff seeks a declaration that the District's policies, rules, and regulations related to Title IX are "unconstitutional and void," yet alleges earlier in her Complaint that the District's Title IX policies "likely meet[] Title IX muster." (Doc. 40, at 14-15.) In her Response, Plaintiff tries to change course and argues that "[t]his case is about school policies and custom that violate Title IX, not about paper policies that DPS has promulgated and ignored." (Doc. 41, at 8.) Plaintiff ignores her own filings in asserting this argument, as she alleges in her Complaint that the District's policies are "unconstitutional and void," and she has conceded that her sole claim about "custom," Claim No. 3, should be dismissed. (*Compare* Doc. 32 ¶¶ 154, 210 *with* Doc. 40, at 14-15 *and* Doc. 41, at 8.)

For these reasons, and as more fully explained in the Motion, the Court should dismiss Plaintiff's claim for equitable relief.

## CONCLUSION

The Court should grant Defendant Andy Mendelsberg's Motion to Dismiss because he is entitled to qualified immunity and because Plaintiff lacks standing to seek equitable relief and has not plausibly alleged a basis for such relief.

Respectfully submitted this 22nd day of May 2019.

*s/Elliott V. Hood*
M. Gwyneth Whalen
Elliott V. Hood
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
gwhalen@celaw.com; ehood@celaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Igor Raykin, Esq.
Tyler Jeffery, Esq.
igor@coloradolawteam.com; tyler@coloradolawteam.com
Attorneys for Plaintiff

                                                *s/Kathi A. Donahue*
                                                Kathi A. Donahue, Paralegal

4813-5856-7575, v. 1